*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2122**

In the Marriage of:
Vincent Daniel Levy, petitioner,
Appellant,

vs.

Michelle Ann Levy,
Respondent.

**Filed September 2, 2014
Affirmed
Harten, Judge***

Anoka County District Court
File No. 02-FA-11-1112

Beau D. McGraw, McGraw Law Firm, P.A., Lake Elmo, Minnesota (for appellant)

Christopher J. Hoffer, Kelly A. Boyd, Bolt Hoffer Boyd Law Firm, Coon Rapids, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Harten, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HARTEN**, Judge

Appellant obligor challenges his spousal-maintenance and child-support obligations, arguing that the district court abused its discretion in averaging appellant's income and in failing to consider that appellant could become unemployed. Because we see no abuse of discretion, we affirm.

**FACTS**

Appellant Vincent Levy and respondent Michelle Levy were married in 1993. They are the parents of three sons, the oldest born in 1996 and twins born in 1999.

Appellant is a pipefitter with the Twin Cities Pipe Trades Union. His base pay is $35.23 per hour, and other benefits bring his pay up to $41.86 per hour. Because of poor weather and the absence of jobs, appellant is frequently unemployed.

In 2011, appellant indicated $6,324 as his monthly income when he filed his marriage dissolution petition. In 2012, appellant was unemployed for eight weeks and received $2,581 monthly in unemployment benefits. Respondent's monthly income was then $1,733. The March 2012 stipulated dissolution judgment noted that: (1) appellant was "currently unemployed"; (2) each party had parenting time of over 45.1%; (3) their pro rata shares of parental income for child support were 60% for appellant and 40% for respondent; and (4) appellant had medical insurance for the children through his union. Appellant's guideline child-support obligation was determined to be $200 monthly, and spousal maintenance was reserved.

Later in 2012, appellant returned to work. His total 2012 income from wages and unemployment benefits was $74,636; his average monthly income for 2012 was approximately $6,220 ($74,636 divided by 12).

In April 2013, appellant was again employed, and respondent moved to amend the judgment, seeking spousal maintenance and an increase in child support. Following a hearing in June–July, in September the district court entered an amended judgment, finding that respondent's monthly income was $2,513 and appellant's average monthly income for 2011, 2012, and the first part of 2013 was $6,231. The amended judgment increased appellant's child-support obligation and awarded respondent temporary spousal maintenance for ten years.

Appellant challenges the amended judgment, arguing that the district court abused its discretion in setting his spousal-maintenance and child-support obligations.

## DECISION

"[T]he [district] court is accorded broad discretion with respect to the . . . allowance of . . . maintenance . . . and provision for the . . . support of the children of the parties." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). "There must be a clearly erroneous conclusion that is against logic and the facts on record before this court will find that the [district] court abused its discretion." *Id.*

The district court observed that it

> must account for periods of unemployment that [appellant] will likely experience in determining his average gross monthly income. The court approaches this issue by averaging the income [appellant] receives from unemployment and wages throughout the year. In 2012,

3

> [appellant] was laid off for eight weeks . . . . The court
> expects a similar trajectory in 2013, so accounts for eight
> weeks of unemployment benefits in determining [his] gross
> monthly income.

The district court assumed that, in 2013, appellant would be laid off for eight weeks as he had been in 2012 and would therefore earn $72,160 for 44 weeks of wages and $4,880 for 8 weeks of unemployment, for a total of $77,040 which, divided by 12, is $6,420.

The district court averaged appellant's monthly income from 2011 ($6,324); 2012 ($6,220); and the first part of 2013 ($6,420) and found that appellant's average monthly income was $6,321; respondent's monthly income in 2013 was $2,513. Based on these figures, the district court awarded respondent temporary spousal maintenance of $600 monthly for ten years and concluded that appellant's guideline child-support obligation was $470.[1]

Appellant argues that "the district court . . . disregard[ed] the instability of his employment" because it "used a single year as a baseline while simultaneously recognizing that appellant's employment was not fixed." But the district court averaged three years: 2011, 2012, and 2013. Appellant provided information as to the length of time he was unemployed only for 2012, and from this the district court extrapolated that

---

[1] The district court observed in the September 2013 amended judgment that it did not know whether appellant was then employed or unemployed: he had been unemployed when judgment was issued in March 2012, employed when respondent served her motion to amend in April 2013, and unemployed again at the June–July 2013 hearing. Because the original judgment was based solely on appellant's income from unemployment, his employment was the "substantial change in circumstances" required to seek a change in a child-support obligation under Minn. Stat. § 518A.39 (2012).

4

his probable period of unemployment in 2013 would also be eight weeks. While appellant argues that "the most problematic issue with the use of 2012 as the baseline for employed/unemployed is that it cannot be an accurate predictor of future earnings, especially over a ten year period," he does not assert that the prediction of his 2013 earnings was inaccurate, and he makes no suggestion as to what the district court should have used to come up with a more accurate average monthly income figure.

Finally, appellant claims that the district court "did not take into account the possibility that appellant would be on unemployment for an extended period of time." But, were that to happen, appellant could move the district court to modify his spousal-maintenance and child-support obligations under Minn. Stat. § 518A.39, subd. 2 (providing that the terms of an order respecting spousal maintenance or child support may be modified upon a showing of substantially decreased income of the obligor).

The district court's conclusion as to appellant's average monthly income is not against logic or the facts in the record; there was no abuse of discretion in the spousal-maintenance award or the child-support obligation.

**Affirmed.**